# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MURRAY, INC., | ) | Case No. 04-13611 |
| | ) | CHAPTER 11 |
| Debtor. | ) | Judge Harrison |
| | ) | |
| WILLIAM KAYE, as TRUSTEE OF THE | ) | |
| MURRAY LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-0732 |
| | ) | |
| ACCORD MANUFACTURING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the motion in limine filed by Plaintiff William Kaye as Trustee of the Murray Liquidating Trust (the "Trustee") to exclude post-petition paid new value from the new value defense asserted by Defendant Accord Manufacturing, Inc. [Docket No. 54]. Defendant Accord Manufacturing, Inc. ("Accord") filed its opposition to the Trustee's motion on May 21, 2007 [Docket No. 61], and the Trustee filed a reply in support of his motion on May 23, 2007 [Docket No. 62].

The Court scheduled and conducted a hearing on Plaintiff's motion on May 24, 2007, at which time counsel for the Trustee and counsel for Defendant presented argument in support of the parties' respective positions.

In issuing this opinion, the Court has reviewed and considered the arguments presented and authorities cited by the parties in the pleadings and the arguments presented by the parties at the May 24, 2007, hearing.

On October 15, 2005, the Trustee filed the Complaint [Docket No. 1] seeking the recovery of certain payments received by Accord from Murray, Inc. (the "Debtor") during the ninety days prior to the Debtor's filing of a voluntary petition under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") on November 8, 2004 (the "Petition Date"). On December 29, 2005, Accord filed its Answer to the Complaint [Docket No. 5] and asserted, in addition to other defenses, the defense set forth in 11 U.S.C. § 547(c)(4) – commonly known as the "new value defense."

On May 16, 2007, the Trustee filed his motion in limine seeking a determination that "new value" in the form of goods in the amount of $310,560.90 provided by Accord to the Debtor pre-petition was not available to offset pre-petition transfers in the context of Accord's new value defense under 11 U.S.C. § 547(c)(4) because the bankruptcy estate made a post-petition payment to Accord in the amount of $310,560.90. This post-petition payment to Accord was made pursuant to an Order authorizing the payment of pre-petition claims of certain critical parts fabricators. [Main Case Docket No. 67].

The facts at issue in this case are practically identical to the facts in the case of *Phoenix Restaurant Group, Inc., et. al. v. Ajilon Professional Staffing LLC (In re Phoenix Restaurant*

*Group, Inc.)*, 317 B.R. 491 (Bankr. M.D. Tenn. 2004)(Lundin, J.) and the Court is persuaded by the reasoning of that decision. In *Phoenix Restaurant Group*, the Plan Administrator brought numerous adversary proceedings to avoid certain pre-petition transfers as preferences under 11 U.S.C. § 547(b). 317 B.R. at 493. According to the Plan Administrator, one of the defendants, Ajilon Professional Staffing ("Ajilon"), had received, pursuant to a court order, a payment post-petition for services provided pre-petition. *Id.* Ajilon asserted the new value defense under 11 U.S.C. § 547(c)(4) and moved for summary judgment on the basis that the new value defense was a complete bar to the claim of the Plan Administrator. *Id.* The Plan Administrator argued that the post-petition payment reduced the amount of new value available to Ajilon under 11 U.S.C. § 547(c)(4) and that as a result, certain pre-petition transfers remained avoidable. *Id.*

In examining the statutory language at the center of both the claim and defense, the Court in *Phoenix Restaurant Group*, found that, "[T]he plain language of § 547 closes the preference window at the petition, limiting the § 547(c)(4) defense to new value supplied and payments made before the debtor crosses into bankruptcy." *Id.* at 496. Noting that the purpose of 11 U.S.C. § 547 is to level the playing field for creditors that continue to do business with a financially troubled company, the Court found that, "[T]hese considerations change when the petition is filed and the debtor becomes a bankruptcy estate under the administration of the bankruptcy court and subject to the scrutiny of creditors, committees, the U.S. Trustee, etc." *Id.* at 497-498. Like the Plan Administrator in *Phoenix Restaurant Group,* the Trustee attempts to use post-petition events to recast Accord's preference defense under § 547(c)(4).

The Bankruptcy Code's primary avoidance provisions, §§ 547 and 548, measure time from a common endpoint, the petition date. The petition date also serves as a starting place under § 549 for avoidance actions brought to recover transfers of property made by the estate

after the commencement of the case. The instant case is a preference action brought by the Trustee under § 547. In his effort to slide the preference analysis past the Petition Date, the Trustee fails to account for the substantial body of case law holding that a defendant in a preference action is not entitled to the benefit of new value provided to the bankruptcy estate after the petition date. *See In re Bellanca Aircraft Corp.*, 820 F.2d 1275 (8th Cir. 1988); *In re TennOhio Transportation Co.*, 255 B.R. 307 (Bankr. S.D. Ohio 2000); *Jet Florida System, Inc. v. Eastern Air Lines, Inc. (In re Jet Florida System, Inc.),* 59 B.R. 886 (Bankr. S.D. Fla. 1986)*; Columbia Packing Co. v. Allied Container Corp. (In re Columbia Packing Co.),* 44 B.R. 613 (Bankr. D. Mass. 1984)*; Tidwell v. Atlanta Gas Light Co. (In re Georgia Steel, Inc.),* 38 B.R. 829 (Bankr. M.D. Ga. 1984). In essence, the Trustee would have the Court conclude that post-petition payments remain in play while post-petition advances of new value are excluded from the analysis under § 547(c)(4). Logically, and as a matter of statutory consistency, the Trustee's argument fails. Nothing in the Bankruptcy Code or in the arguments advanced by the Trustee persuades the Court that the new value analysis should extend past the Petition Date.

The Trustee's intended use of a judicially-authorized "first day order" to strip a creditor of its new value defense is also of some concern to the Court. In essence, the Trustee asks the Court to allow the use of a court-approved critical vendor payment to eliminate more than $300,000 in new value otherwise available to Accord. Of course, the Trustee would not have the ability to raise this issue had Accord simply ceased providing goods to the Debtor on credit prior to the Petition Date. Because the debtor-in-possession convinced the Court that Accord and others were so critical to the operation of the Debtor's business and the company's reorganization efforts, special treatment was carved out for this particular group of creditors. Now the Trustee would undo what the Court approved by penalizing the vendor for accepting the

critical vendor payment and continuing to do business with a debtor in bankruptcy. The mixed message that such a ruling would send for future bankruptcies is problematic, and the harm that could come to future debtors from this approach is of great concern to the Court.

A ruling as the Trustee suggests would be in direct contravention to one of the chief policy goals underpinning the preference statute -- that of encouraging creditors to continue to deal with a troubled company as it seeks to right its financial course. *Phoenix Restaurant Group*, 317 B.R. at 497. Accord did what the Bankruptcy Code encouraged creditors to do; it continued to supply goods to the Debtor on credit literally up to the Petition Date. The Trustee can cite no authority for such a result, and the Court finds no legal basis to deny Accord the benefit of the defense to which it is remains otherwise entitled.

For the foregoing reasons, the Court finds that Plaintiff's motion in limine should be denied. The Court will enter a separate order consistent with the foregoing.

THIS MEMORANDUM OPINION WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE TOP OF
THE FIRST PAGE.

SUBMITTED FOR ENTRY:

/s/ John H. Rowland
John H. Rowland
Courtney H. Gilmer
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ., P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, Tennessee 37201
Tel: (615) 726-5544
Fax: (615) 744-5544
businessbknash@bakerdonelson.com
Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, via U.S. Mail, postage prepaid, upon the following:

Laura Davis Jones
Sandra G. Selzer
PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB, P.C.
Post Office Box 8705
919 North Market Street, 16th Floor
Wilmington, Delaware 19899

Paul G. Jennings
Phillip G. Young, Jr.
Wendy M. Warren
BASS, BERRY & SIMS, PLC
315 Deaderick Street, Suite 2700
Nashville, Tennessee 37238

Jeff Nolan
Andrew W. Caine
Jason S. Pomerantz
Steven J. Kahn
PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB, P.C.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

this 30th day of May, 2007.

/s/ John H. Rowland
John H. Rowland